UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
OMAR MARTINEZ,                                  :
                                                :
                Plaintiff,          :
                                                :
                                                :    **COMPLAINT AND**
        -against-                             :    **JURY DEMAND**
                                                :
SPOTO'S RESTAURANT, INC. & PETER                :    08 cv 4947
SPOTO, jointly & severally,                     :    (Sweet, J.)
                Defendants.        :
----------------------------------------------------------------X

## NATURE OF THE ACTION

1.      Plaintiff alleges, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216(b), that he is: (i) entitled to unpaid wages from Defendants for overtime work for which he did not receive overtime premium pay, as required by law, (ii) entitled to unpaid minimum wages from Defendants for hours he worked in which he was not paid the full minimum wage, and (iii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 *et seq.*

2.      Plaintiff alleges that under the New York Labor Law, Art 6, §§ 190 et seq., and Art. 19, §§ 650 et seq. (collectively "NYLL"), he is (i) entitled to unpaid overtime wages from Defendants for his work beyond 40 hours per week, (ii) unpaid minimum wages from Defendants for hours he worked in which he was not paid the full minimum wage, (iii) unpaid spread of hours payments from Defendants for each day he worked 10 or more hours; and (iv) liquidated damages equal to 25 percent of his unpaid minimum wages, spread of hours, and overtime wages; and attorneys fees and costs.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337, 1343, and supplemental jurisdiction over Plaintiff's state law claims pursuant

to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Southern District pursuant to 28 U.S.C. §1391.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

6. Plaintiff, Omar Martinez, was at all relevant times, an adult individual, residing in Bronx County.

7. Upon information and belief, Spoto's Restaurant, Inc. is a New York corporation with its principal place of business in Bronx County.

8. Upon information and belief, the individually named defendant, was at all times, residing in Bronx County.

## STATEMENT OF FACTS

9. At all relevant times, Plaintiff was employed as a bus boy for Defendants.

10. Plaintiff was paid less than the applicable minimum wage for each hour he worked.

11. Plaintiff often worked in excess of 40 hours a week, yet the Defendants willfully failed to pay Plaintiff overtime compensation of one and one-half times the applicable minimum wage, and for an extra hour in each day Plaintiff worked over ten or more hours, in violation of the FLSA and the New York Labor Law.

12. Plaintiff was employed by the Defendants from about the end of February 2008 until April 5, 2008.

13. Throughout all relevant time periods, upon information and belief, the Defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA and New York Labor Law.

## FIRST CLAIM FOR RELIEF: FAIR LABOR STANDARDS ACT

14. Plaintiff realleges and incorporates by reference paragraphs 1 through 13 as if they were set forth again herein.

15. At all relevant times, upon information and belief, Defendants were employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

16. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

17. Upon information and belief, at all relevant times, Defendants had gross revenues in excess of $500,000.

18. Upon information and belief, Defendants employed two or more employees during the time of Plaintiff's employment with Defendants.

19. Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

### FLSA: FAILURE TO PAY OVERTIME

20. At all relevant times, the Defendants had a policy and practice of refusing to pay overtime compensation to Plaintiff for his hours worked in excess of forty hours per workweek.

21. As a result of the Defendants' willful failure to lawfully compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for work performed in excess of

forty hours in a workweek, the Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

22.     As a result of the Defendants' failure to record, report, credit and/or compensate Plaintiff, the Defendants have failed to make, keep and preserve records with respect to Plaintiff sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

23.     The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

FLSA: UNPAID MINIMUM WAGES

24.     Defendants willfully failed to pay Plaintiff at the applicable minimum wage, contrary to the requirements of Section 6 of FLSA (29 U.S.C. §206).

25.     Due to the Defendants' FLSA violations, Plaintiff is entitled to recover from the Defendants his unpaid overtime compensation, an additional amount equal as liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

<b>SECOND CLAIM FOR RELIEF:<br>NEW YORK LABOR LAW</b>

26.     Plaintiff realleges and incorporates by reference paragraphs 1 through 25 as if they were set forth again herein.

27.     At all relevant times, Plaintiff was employed by the Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

28.     At all times relevant to this action, the state minimum wage was $7.15, as codified by N.Y. Labor Law § 652(1).

29. Defendants willfully violated Plaintiff's rights by failing to pay him the applicable minimum wage for each hour Plaintiff worked, in violation of New York Labor Law § 592(1).

30. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at a rate not less than one and one-half times the applicable minimum wage for each hour worked in excess of 40 hours per workweek.

31. Defendants willfully violated Plaintiff's rights by failing to pay him an additional hour of pay, at the applicable minimum wage, for each day in which Plaintiff worked 10 or more hours, in violation of the New York Labor Law and its regulations.

32. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, damages for unreasonably delayed payment of wages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to New York Labor Law § 663(1)

## **PRAYER FOR RELIEF**

Wherefore, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against the Defendants and its officers, agents, successors, employees, representatives and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

c. An award of unpaid overtime compensation and minimum wage compensation due under the FLSA.;

d. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation and proper minimum wage compensation pursuant to 29 U.S.C. § 216;

e. An award of unpaid minimum wage compensation, overtime compensation and spread of hours compensation due under the New York Labor Law;

f. An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay minimum wage compensation, overtime compensation, and spread of hours compensation, pursuant to the New York Labor Law.

g. An award of prejudgment and postjudgment interest;

h. An award of costs and expenses of this action together with reasonable attorney's and expert fees; and

i. Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Dated: New York, New York
       May 28, 2008

By: _____
    Justin A. Zeller (JZ 7094)

Justin A. Zeller (JZ 7094)
THE LAW OFFICE OF JUSTIN A. ZELLER, P.C.
251 West 14th Street, 5th Floor
New York, New York 10011
Telephone: (212) 229-2249
Facsimile: (212) 229-2246

7